No. 16-1065

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

Cricket Store 17, L.L.C., d/b/a Taboo
*Plaintiff - Appellant*

v.

City of Columbia
*Defendant - Appellee*

**On Appeal from the United States District Court**
**for the District of South Carolina**

---

APPELLEE CITY OF COLUMBIA'S RESPONSE OPPOSING APPELLANT'S MOTION FOR INJUNCTION PENDING APPEAL

Scott D. Bergthold
Law Office of
Scott D. Bergthold, P.L.L.C.
2290 Ogletree Avenue, Suite 106
Chattanooga, TN 37421
sbergthold@sdblawfirm.com
(423) 899-3025

Peter M. Balthazor
Riley Pope & Laney, LLC
Post Office Box 11412
Columbia, SC 29211
peteb@rplfirm.com
(803) 799-9993

*Attorneys for Appellee City of Columbia*

## Table of Contents


Preliminary Statement ........ 1

Statement of the Case and Relevant Facts ........ 3

Law and Argument ........ 5

I. Taboo's motion should be denied because it violates the Federal Rules of Appellate Procedure and this Court's Local Rules ........ 5

- A. Taboo's motion contravenes FRAP 8 and Local Rule 8 because Taboo did not first seek an injunction pending appeal in the district court or explain why it failed to do so. ........ 5
- B. Taboo's motion does not comply with the notice and consent requirements of either FRAP 8(a)(2)(C) or Local Rule 27(a). ........ 6

II. Taboo's motion should be denied because it does not satisfy the high standards for extraordinary relief. ........ 8

- A. Taboo has not shown a likelihood of success on the merits. ........ 9
  1. Regulation of sexual device shops does not trigger the First Amendment because sexual devices are not speech ........ 10
  2. To the extent that the First Amendment may apply to Taboo's appeal at the merits stage, the district court properly rejected Taboo's secondary effects challenge. ........ 13
- B. Taboo has failed to make a clear showing of irreparable harm ........ 18
- C. The City will suffer harm if an injunction issues. ........ 19
- D. Denying an injunction is in the public interest ........ 20

Conclusion ........ 20

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allno Enters., Inc. v. Baltimore County*,
10 F. App'x 197 (4th Cir. 2001) .......... 14

*City of Los Angeles v. Alameda Books*,
535 U.S. 425 (2002) .......... 16

*Clark v. Community for Creative Non-Violence*,
468 U.S. 288 (1984) .......... 11

*FW/PBS, Inc. v. City of Dallas*,
493 U.S. 215 (1990) .......... 12

*Heideman v. South Salt Lake City*,
348 F.3d 1182 (10th Cir. 2003) .......... 13

*Hicks v. Miranda*,
422 U.S. 332 (1975) .......... 12

*Imaginary Images, Inc. v. Evans*,
612 F.3d 736 (4th Cir. 2010) .......... 18

*Independence News, Inc. v. City of Charlotte*,
568 F.3d 148 (4th Cir. 2009) .......... 17

*Mandel v. Bradley*,
432 U.S. 173 (1977) .......... 12

*McDoogal's East, Inc. v. County Comm'rs of Caroline County*,
341 F. App'x 918 (4th Cir. 2009) .......... 14

*Mom N Pops, Inc. v. City of Charlotte*,
979 F. Supp. 372 (W.D. N.C. 1997), *aff'd*, *Mom N Pops, Inc. v. City of Charlotte*, 162 F.3d 1155 (4th Cir. 1998) (unpublished) .......... 9, 19, 20

*Real Truth About Obama, Inc. v. Fed. Election Comm'n*,
575 F.3d 342 (4th Cir. 2009) .................................................... 9

*Renton v. Playtime Theatres, Inc.*,
475 U.S. 41 (1986) .................................................... 11, 16

*Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*,
547 U.S. 47 (2006) .................................................... 11

*SEC v. Dunlap*,
253 F.3d 768 (4th Cir. 2001) .................................................... 5, 6

*Sewell v. Georgia*,
435 U.S. 982 (1978) .................................................... 11, 12

*Steakhouse, Inc. v. City of Raleigh*,
166 F.3d 634 (4th Cir. 1999) .................................................... 9

*Winter v. Natural Res. Defense Council, Inc.*,
555 U.S. 7 (2008) .................................................... 8, 9, 13

**Codes**

Columbia, S.C., Code § 17-372 .................................................... 4

**Rules**

FRAP 8 .................................................... 2, 5, 6, 7, 8

4th Cir. Local Rule 8 .................................................... 2, 5, 6

4th Cir. Local Rule 27(a) .................................................... 2, 6, 7, 8

## Preliminary Statement

The present motion for injunction pending appeal (Doc. 12-1)[1] is a sexual device shop's (Taboo's) latest effort (of many) to continue its illegal operation in violation of the City of Columbia Zoning Ordinance.

But Taboo never identifies precisely what it wants enjoined, nor does it identify any specific basis for its claim of an irreparable harm (*i.e.*, a constitutional violation). Taboo's supporting memorandum simply concludes with this broad request: "Therefore, the appellant respectfully requests that the Court enjoin the City from arresting, incarcerating, and fining appellant's employees and owners until such time as the case can be heard on the merits." (Doc. 12-2 at 17.)

The City, however, is *not* threatening to arrest anyone over Taboo's zoning violation. Rather, after years of litigation, multiple hearings, and resolution of two motions for reconsideration, the City warned Taboo that if it continues in violation, "it will be cited for operating a sexual device shop in violation of the Zoning Ordinance." (Doc. 12-3.) The City does not arrest for zoning violations, but issues a Uniform Ordinance Summons (a ticket), which the recipient can contest in court.

---

[1] In this brief, "(Doc. __ at __)" refers to filings in this Court, and "(ECF __ at __)" refers to filings in the district court.

Contrary to Taboo's repeated suggestion, the City's threatened post-judgment enforcement does not implicate the First Amendment, because sexual devices are not speech. But even if the First Amendment would be implicated at the merits stage, the district court's 50-page summary judgment order thoroughly and correctly applies governing law to reject Taboo's arguments. Taboo does not show error in that analysis, and thus fails to show a likelihood of success on appeal.

But the Court need not even address the merits of Taboo's motion because Taboo failed to follow both the Federal Rules of Appellate Procedure ("FRAP") and this Court's Local Rules for such motions.

Taboo did not first file a motion for injunction pending appeal in the district court, as required by FRAP 8(a)(1), nor did it "make a specific showing of the reasons the application was not made to the district court in the first instance," as required by Local Rule 8. Similarly, counsel for Taboo violated Local Rule 27(a) by not seeking consent from the City's attorneys on the motion for injunction pending appeal.

For these reasons, and for those in the district court's numerous orders denying relief (ECF 19, 57, 82, 93), the motion should be denied.

## Statement of the Case and Relevant Facts

Taboo's motion and memorandum are rife with unsupported statements and mischaracterizations of the record. The pre-judgment facts relevant to this motion, however, are set forth in the district court's 50-page summary judgment order (ECF 82 at 1-5):

- Taboo opened on December 5, 2011
- The City adopted a sexually oriented business Licensing Ordinance (Ord. No. 2011-105) on December 29, 2011, providing a two-year amortization period for any existing business that did not conform to the location standards, plus the possibility of an extension of that period based on a showing of financial hardship
- The City adopted its sexually oriented business Zoning Ordinance in 2012, and reiterated that nonconforming businesses could continue until January 1, 2014
- In November 2013, Taboo sought an extension of the two-year amortization period. After an evidentiary hearing, an independent hearing officer denied the request because Taboo "failed to establish that it has not reasonably recouped its investment," and cited "significant inaccuracies" in Taboo's accounting paperwork and evidence that Taboo's owner "commingled business and personal use of this account"
- On December 20, 2013, Taboo sued and moved for preliminary injunction
- After briefing and an evidentiary hearing, the trial court denied the motion and, later, a motion for reconsideration in 2014
- On March 31, 2015, the district court denied Taboo's motion for summary judgment and granted the City's motion (ECF 82)

- On January 7, 2016, the district court denied Taboo's motion to reconsider and to vacate the summary judgment (ECF 93)

After the City received the district court's January 7, 2016 order denying Taboo's motions to reconsider and to vacate the summary judgment, zoning staff observed that Taboo was still operating a sexual device shop, which is "a commercial establishment that regularly features sexual devices." Columbia, S.C., Code § 17-372 (ECF 20-2 at 4). A sexual device is defined as

> any three dimensional object designed for stimulation of the male or female human genitals, anus, buttocks, female breast, or for sadomasochistic use or abuse of oneself or others and shall include devices commonly known as dildos, vibrators, penis pumps, cock rings, anal beads, butt plugs, nipple clamps, and physical representations of the human genital organs. Nothing in this definition shall be construed to include devices primarily intended for protection against sexually transmitted diseases or for preventing pregnancy.

§ 17-372 (ECF 20-2 at 4).

Staff warned Taboo that it could "be cited for operating a sexual device shop in violation of the Zoning Ordinance." (Doc. 12-3.)

Taboo's counsel did not seek consent of the City's counsel as to this motion, but merely copied them on his February 4 email to a printer with instructions to file the motion, which the printer did.

## Law and Argument

### I. Taboo's motion should be denied because it violates the Federal Rules of Appellate Procedure and this Court's Local Rules.

### A. Taboo's motion contravenes FRAP 8 and Local Rule 8 because Taboo did not first seek an injunction pending appeal in the district court or explain why it failed to do so.

While allegedly "based on Rule 8 of the *Federal Rules of Appellate Procedure*," (Doc. 12-1 at 2), Taboo's motion contravenes the Rule.

A party "must ordinarily move first in the district court" for an injunction pending appeal. FRAP 8(a)(1). Before a motion for injunction pending appeal can be considered here, it must "(i) show that moving first in the district court would be impracticable; or (ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action." FRAP 8(a)(2)(A). Local Rule 8 adds: "If an application to the district court for temporary relief pending appeal is not practicable, counsel must make a specific showing of the reasons the application was not made to the district court in the first instance."

A motion that does not comply with Rule 8's clear guidelines should be denied. *See SEC v. Dunlap*, 253 F.3d 768, 774 (4th Cir. 2001) ("Elfindepan has not pursued relief in the district court by means of a

stay pending appeal. This constitutes an omission we cannot properly ignore…. Elfindepan has plainly failed to satisfy the requirements of Rule 8, and we therefore deny its motions without prejudice.”).

This Court should deny Taboo’s Rule 8 motion because it does not meet the Rule’s requirements. Taboo did not move the district court for an injunction pending appeal before filing its motion with this Court. And Taboo did not satisfy Rule 8 by filing a *preliminary* injunction motion below on December 20, 2013—*more than 15 months before* the district court entered summary judgment. (*See* Doc. 12-1 at 2 n.3 (citing trial court’s preliminary injunction denials (ECF 19, 59).)

Taboo has not attempted to make any showing “that moving first in the district court would [have been] impracticable,” FRAP 8(a)(2)(A), let alone a “specific showing of the reasons the application was not made to the district court in the first instance.” Local Rule 8.

Thus, Taboo’s motion should be denied. *Dunlap*, 253 F.3d at 774.

**B. Taboo’s motion does not comply with the notice and consent requirements of either FRAP 8(a)(2)(C) or Local Rule 27(a).**

FRAP 8(a)(2)(C) states that a party filing a Rule 8 motion “must give reasonable notice of the motion to all parties.” Relatedly, “where all parties are represented by counsel, all motions shall contain a

statement by counsel that counsel for the other parties to the appeal have been informed of the intended filing of the motion. The statement shall indicate whether the other parties consent to the granting of the motion, or intend to file responses in opposition." Local Rule 27(a).

Taboo did not satisfy either FRAP 8(a)(2)(C) or Local Rule 27(a). As an initial matter, although Zoning Administrator Brian Cook's letter was hand-delivered on Thursday, January 28, 2016 (*see* Doc. 12-3), Taboo waited until 1:47 p.m. on Thursday, February 4, 2016—the day before enforcement was to commence—to file its motion. The City's counsel first got wind of Taboo's motion two hours before it was filed, when Taboo's counsel copied the City's counsel on an email to Taboo's printer requesting her to file the motion. This is not reasonable notice.

Even then, Taboo's counsel did not seek consent from the City's counsel before filing the motion for injunction pending appeal. Taboo's motion contains a "Rule 7.02 Certificate"[2] that states: "I certify that, prior to filing this motion, I consulted with opposing counsel who objects to maintaining the status quo during the pendency of the appeal." (Doc. 12-1 at 6.) The undersigned does not remember ever speaking with Mr.

[2] Presumably, this refers to a rule in the District of South Carolina, which is where Taboo's motion should have been filed.

Goldstein regarding the motion for injunction pending appeal, and a review of email correspondence reflects no mention of this motion until the February 4 email to the printer. Mr. Balthazor also confirmed that Mr. Goldstein did not seek his consent as to the motion.

Taboo and its counsel failed to comply with FRAP 8(a)(2)(C) and Local Rule 27(a). Thus, Taboo's motion should be denied.

## II. Taboo's motion should be denied because it does not satisfy the high standards for extraordinary relief.

The standard for an injunction pending appeal is the same as the standard for preliminary injunction relief. *See*, *e.g.*, *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Such relief is "an extraordinary remedy ... [that] may only be awarded upon a clear showing that the plaintiff is entitled" to it. *Id.* at 22. The movant must show *each* of the following: "that [1] he is likely to succeed on the merits, [2] he is likely to suffer irreparable harm in the absence of preliminary relief, [3] the balance of equities tips in his favor, and [4] an injunction is in the public interest." *Id*. at 20.

Taboo argues that these factors are weighed on a "sliding scale," such that a strong showing on one factor means that the movant is required to make less of a showing on the other factors. (Doc. 12-2 at

23.) This argument is wrong. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189, 196 (4th Cir. 1977), *on reconsideration on other grounds*, 607 F.3d 355 (4th Cir. 2010) (reissuing the parts of the earlier opinion "articulating the standard for issuance of preliminary injunctions."). After *Winter*, sliding-scale analysis "may no longer be applied." *Id.* at 347. Thus, a plaintiff must satisfy each of the four requirements. *Id.*

Taboo can satisfy none of them. *See Mom N Pops, Inc. v. City of Charlotte*, 979 F. Supp. 372, 394-95 (W.D. N.C. 1997) (denying preliminary injunction, citing risk that plaintiff could operate an adult bookstore contrary to zoning ordinance and city's secondary effects interests), *aff'd*, *Mom N Pops, Inc. v. City of Charlotte*, 162 F.3d 1155 (4th Cir. 1998) (unpublished); *Steakhouse, Inc. v. City of Raleigh*, 166 F.3d 634, 637 (4th Cir. 1999) (affirming denial of injunction, noting harms to community when adult business regulations are enjoined).

**A. Taboo has not shown a likelihood of success on the merits.**

Taboo must "clearly demonstrate that [it] will *likely* succeed on the merits," not a mere "*possibility* that it will eventually prevail." *Real*

*Truth*, 575 F.3d at 346-47 (emphasis in original). It cannot do so.

Over the past two years, the district court has: (1) denied Taboo's motion for a preliminary injunction (ECF 19); (2) denied Taboo's motion for reconsideration of that denial (ECF 59); (3) granted summary judgment to the City on all counts (ECF 82); (4) denied Taboo's motion for reconsideration (ECF 93); and (5) denied Taboo's motion to vacate judgment. (ECF 93.) The district court's 50-page summary judgment order meticulously dispatched each of Taboo's claims. (ECF 82.)

Undeterred, Taboo asserts that it is likely to succeed on the merits. (Doc. 12-2 at 6-9.) Taboo makes this assertion without discussing, or even identifying, any of the legal standards or cases governing its numerous claims. Instead, Taboo unconvincingly refers to arguments "set forth in [its] supporting memorandums, affidavits, exhibits and live testimony below—see attached index." (Doc. 12-1 at 3-4.)

**1. Regulation of sexual device shops does not trigger the First Amendment because sexual devices are not speech.**

The Zoning Administrator's January 28, 2016 letter warns Taboo of future enforcement of the Zoning Ordinance's specific regulation of sexual device shops. Taboo simply assumes that the First Amendment applies, that the City is interfering with Taboo's "mild adult message"

(Doc. 12-2 at 15), and that the requirements of intermediate scrutiny (secondary effects interest, alternative sites, *etc.*) are triggered. *See Renton v. Playtime Theatres, Inc.*, 475 U.S. 41 (1986).

But sexual devices (*i.e.*, "dildos, vibrators, penis pumps, cock rings, anal beads," *etc.*) are not speech, and regulating the location of stores specializing in them does not implicate the First Amendment.

The Supreme Court has "extended First Amendment protection *only* to conduct that is *inherently* expressive." *Rumsfeld v. Forum for Academic and Institutional Rights, Inc.*, 547 U.S. 47, 65-66 (2006) (citing *United States v. O'Brien*, 391 U.S. 367, 376 (1968)) (emphasis added). "[I]t is the obligation of the person desiring to engage in assertedly expressive conduct to demonstrate that the First Amendment even applies." *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 293 n.5 (1984).

But in *Sewell v. Georgia*, the Supreme Court dismissed, "for want of a substantial federal question,"[3] an appeal that included a First Amendment challenge to Georgia's ban on the sale of sexual devices.

---

[3] Such dismissals "reject the specific challenges presented," *Mandel v. Bradley*, 432 U.S. 173, 176 (1977), and act as binding "votes on the merits of a case." *Hicks v. Miranda*, 422 U.S. 332, 344 (1975).

*Sewell v. Georgia*, 435 U.S. 982 (1978). Even in dissent, Justice Brennan specifically rejected Sewell's First Amendment challenge based on devices. 435 U.S. at 985 (Brennan, J., dissenting). "[A]ppellant fundamentally misapprehends the reach of the First Amendment in his argument that the protections of that Amendment extend to the sexual *devices* involved," including an artificial vagina and rubber devices shaped like penises. *Id.* (emphasis in original). Thus, *Sewell* rejected the notion that a statewide ban on the commercial distribution of sexual devices infringes upon speech.

The City does not ban commercial distribution of sexual devices, but merely regulates the location of sexual device shops. Such a zoning regulation of business activity does not trigger the First Amendment. *Sewell*, 435 U.S. at 985; *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 254 n.5 (1990) (Scalia, J. concurring in part and dissenting in part) (noting that regulating sale of instruments, devices, or paraphernalia designed for use in sexual activities "raises no First Amendment question"); *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1195 (10th Cir. 2003) (observing that "adult novelty stores" are "not engaged in expressive activity").

Thus, Taboo's arguments for an injunction pending appeal—which are based upon inapposite First Amendment doctrines—lack merit.

**2. To the extent that the First Amendment may apply to Taboo's appeal at the merits stage, the district court properly rejected Taboo's secondary effects challenge.**

Even assuming that the First Amendment applies, Taboo's arguments—which eschew any meaningful structure—fail to establish any of the four *Winter* factors necessary to justify an injunction.

Taboo's brief claims "three uncontestable facts" to explain why the district court erred. (*See* Doc. 12-2 at 6-9.) None of them do.

Taboo's first "fact" is that "in reviewing the decision below, this Court gives no deference to the decision below." (Doc. 12-2 at 6.) But the standard of review applied to summary judgment rulings is irrelevant to determining whether Taboo is likely to succeed on the merits here.

Taboo argues that "the District Court construed every fact in the light most favorable to the City, and this error permeates the decision below." (*Id.* at 6-7.) Taboo, however, discusses just *one* of the 46 sites that the district court found to be legally available to adult uses under governing law. In doing so, Taboo completely ignores the governing law cited by the district court. But even if Taboo were correct as to this one

site, it ignores the other *45* available sites and thus, fails to show a reasonable likelihood of success on its alternative sites claim. *See Allno Enters., Inc. v. Baltimore County*, 10 F. App'x 197, 203 (4th Cir. 2001) (concluding that at least eleven sites for three existing businesses was sufficient); *McDoogal's East, Inc. v. County Comm'rs of Caroline County*, 341 F. App'x 918, 930 (4th Cir. 2009) (concluding that the availability of "multiple [at least twelve]" sites was sufficient).

Taboo's second "uncontestable fact" fares no better. Taboo argues that the City's post-judgment conduct (*e.g.*, amending the Sexually Oriented Business Ordinance, seeking to enforce the Ordinance, *etc.*) demonstrates that the City has no confidence in judicial review of its ordinances. (Doc. 12-2 at 7; *see also* R. 12-1 at 4-5.)

Taboo flavors this argument with a repeat of its unsupported hyperbole—that the City hopes to "prevent judicial review" by "locking everyone up" and "arresting everyone on site," *etc.* As noted above, however, the City does not arrest people for zoning violations, but merely issues a ticket, which a recipient can challenge in court.

As to the June 2, 2015 housekeeping amendment to the City's Licensing Ordinance, the addition of a single word to a single provision

that Taboo never challenged (and that was never enforced against Taboo) does not reveal any infirmity in the ordinance. Nor does it prove that Taboo is likely to succeed on any of its claims here. (*See* ECF 93 at 7-10 (holding that Taboo lacks standing to challenge the repealed provision, waived any such challenge, and that the challenge "has no merit").)

Next, the fact that the City—upon securing summary judgment after years of litigation—seeks to enforce its Zoning Ordinance against ongoing violations reveals confidence, not weakness. The City patiently tolerated Taboo's operation of a sexual device shop in a nonconforming location for more than two years, sent a warning letter (when it could have just issued a ticket), and now seeks orderly compliance.

Taboo's third "uncontestable fact" is just a veiled attempt to revive an unpled claim. Although it has litigated this case for years, Taboo complains that the City's ordinances have denied it judicial review and administrative process. (Doc. 12-1 at 4; Doc. 12-2 at 8-9.) For more explanation, Taboo directs the Court to the bill of attainder discussion in its brief in support of summary judgment. (Doc. 12-2 at 8 (directing

Court to ECF 38-1 at 34-35).) But Taboo never pled this claim, and the district court properly refused to consider it. (ECF 82 at 46.)

Taboo then inserts a heading, "4. Public Interest" (Doc. 12-2 at 9), but this section is a series of undeveloped merits arguments and *ad hominem* attacks on the City's counsel (which do not justify a response).

First, the parties do *not* "agree that the case is primarily about the First Amendment," nor that that the City believes "appellant must be shut down" because "his message" creates negative secondary effects.

Rather, this case is about a sexual device shop in an unlawful zone and too close to residences, not about any undefined "message." As the district court found, the City Council expressly stated that its purpose was to prevent negative secondary effects, it made specific findings concerning such effects, and it did so based on an extensive legislative record that included evidence of secondary effects arising from so-called "retail-only" sex shops. (ECF 82 at 23, 12-13) (applying *Renton* and *City of Los Angeles v. Alameda Books*, 535 U.S. 425 (2002), in concluding that City met its burden to rely on legislative evidence "reasonably believed to be relevant" to the City's secondary effects concern).

Taboo's focus on the *Devine Street/Fort Jackson Commercial Node Plan* is misplaced, because it is an attempt to argue that Taboo *itself* has not produced negative secondary effects. The Node Plan was started the same month that Taboo opened for business (December 2011), and when completed in November 2013, it bemoaned "older storefronts" (such as Taboo), (ECF 58-12 at 1) and recommended that "deteriorating facilities" be redeveloped. (*Id*. at 4.) Taboo admits that the Node Plan did not specifically "ask for information about alleged secondary effects," (Doc. 12-2 at 11), thus undermining its significance.

In any event, Taboo's argument fails, because cities "need not show that each individual adult establishment actually generates the undesirable secondary effects" when enforcing regulations against adult businesses. *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 156 (4th Cir. 2009) (upholding amortization of adult bookstore and affirming judgment on the pleadings as to secondary effects challenge).

Taboo's complaint about the district court's treatment of R. Bruce McLaughlin's secondary-effects opinions is also unavailing. He testified as a land-use planner about the availability of alternative sites, and the district court addressed each of his claims. (ECF 82 at 24-42.)

But McLaughlin has no expertise in criminology or secondary effects, so the district court followed several case holding that his legal opinion—that the City did not rely upon any evidence "reasonably believed to be relevant"—was beyond his expertise. (ECF 82 at 13-15.)

Yet the district court considered McLaughlin's reports and held that they do not preclude summary judgment because they "demonstrate, at most that the City could have reached a different conclusion about the link between sexually oriented businesses and negative secondary effects." (*Id*. at 14-15) (citing *G.M. Enters., Inc. v. Town of St. Joseph*, 350 F.3d 631, 639 (7th Cir. 2003)); *accord Imaginary Images, Inc. v. Evans*, 612 F.3d 736, 748 (4th Cir. 2010) (holding courts should be skeptical of "[t]he notion that the decisions of democratically accountable bodies must be set aside because of … the presence of a conflicting study commissioned by a litigant").

Taboo has failed to show any likelihood of success on the merits.

### B. Taboo has failed to make a clear showing of irreparable harm.

Because Taboo has failed to show that the City's ordinance violates its constitutional rights, Taboo cannot demonstrate irreparable harm. *Mom N Pops*, 979 F. Supp. at 394.

Other than legally untenable constitutional claims, Taboo's only claim of irreparable harm is an alleged economic harm to Taboo's owner (Jeff White). (Doc. 12-2 at 3-4.) But economic losses do not constitute "irreparable harm" as they are compensable as damages. *MicroAire Surgical Instruments, LLC v. Arthrex*, Inc., 726 F. Supp. 2d 604, 635 (W.D. Va. 2010) ("Because the burden of proving irreparable harm is on [the party] seeking the preliminary injunction, so too does it fall on [that party] 'to demonstrate that its potential losses cannot be compensated by monetary damages.'") (internal citation omitted).

**C. The City will suffer harm if an injunction issues.**

The City Council's legislative record includes findings and substantial evidence regarding the negative secondary effects of sexually oriented businesses. (ECF 1-1 at 3, § 11-601(b)(1)) (including land use studies, crime impact reports, expert findings, and affidavits concerning negative secondary effects of sexually oriented businesses).

> The likelihood of harm to Defendants should such an injunction issue is in proportion to the likelihood of the dangers articulated in the preamble of the adult zoning ordinance (lowered property values, increased crime rates, blighting of neighborhoods, etc.). Moreover, enforcement being enjoined, and having inventory, Plaintiff could operate an adult bookstore as did its predecessor and landlord, with whatever secondary effects that might entail. For Charlotte to establish an illegal use, at these premises or

> elsewhere, would require the lengthy enforcement process outlined in Findings of Fact, with an appeal to the Zoning Board of Adjustment and State Superior Court effectively staying all proceedings in furtherance of enforcement.

*Mom N Pops*, 979 F. Supp. at 394-95.

Taboo fails on this prong as well, as the rationale of the *Mom N Pops* court applies with equal force here.

## D. Denying an injunction is in the public interest.

Finally, as Taboo has not shown any constitutional violation, allowing the City's ordinances to remain in effect "is in the public interest, tending to mitigate or eliminate deleterious secondary effects." *Mom N Pops*, 979 F. Supp. at 395.

## Conclusion

For these reasons, the Court should deny Taboo's motion.

Respectfully submitted,

s/ Scott D. Bergthold
Law Office of Scott D. Bergthold, P.L.L.C.
2290 Ogletree Avenue, Suite 106
Chattanooga, TN 37421
sbergthold@sdblawfirm.com
(423) 899-3025
(423) 899-3029 (fax)

*Attorney for Appellee*

## Certificate of Service

I, Scott D. Bergthold, certify that on February 5, 2016, I electronically filed the foregoing Response Opposing Appellant's Motion for Injunction Pending Appeal with the Clerk of the United States Court of Appeals for the Fourth Circuit using the Court's CM/ECF system, which will send notice of such filing to the following registered CM/ECF users:

Thomas R. Goldstein, Esq.
Belk, Cobb, Infinger & Goldstein, P.A.
P.O. Box 71121
Charleston, S.C. 29415-1121
tgoldstein@cobblaw.net

s/ Scott D. Bergthold
Scott D. Bergthold